**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **VS.** | ) | **CR 07-0112-01ML** |
| | ) | |
| **JUAN CARLOS NOVA ROSARIO** | ) | |

MOTION FOR SENTENCE CONSIDERATION

Now comes Juan Nova Rosario, the Defendant in the above captioned matter, and moves this Honorable Court, pursuant to Local Rule of Criminal Procedure 32 (2006), to consider and impose a sentence that is sufficient, but not greater than necessary, in compliance with18 U.S.C. § 3553(a), and below the suggested advisory guideline range. After considering all the appropriate information present in this case, the Court should conclude that the advisory guidelines call for a sentence longer than necessary. Mr. Nova Rosario requests the Court impose a sentence of time served to be followed by supervised release with the appropriate conditions. Under the unique circumstances presented here, this sentence will be sufficient to satisfy the purposes of sentencing.

Respectfully submitted
Juan Carlos Nova Rosario
By his attorney,

/s/ Mary S. McElroy, 4830
Assistant Federal Defender
10 Weybosset St., Ste. 300
Providence, RI 02903
(401) 528-4281
FAX 528-4285
mary_mcelroy@fd.org

CERTIFICATION

I hereby certify that a copy of this motion was electronically filed with notice to Dennis Jenkins, United States Probation Officer, and Sandra Beckner, Assistant United States Attorney, on January 3, 2008.

/s/ Mary S. McElroy

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **VS.** | ) | **CR 07-0112-01ML** |
| | ) | |
| **JUAN CARLOS NOVA ROSARIO** | ) | |

---

**DEFENDANT'S SENTENCING MEMORANDUM**

## I. INTRODUCTION

Through counsel, Juan Nova Rosario respectfully submits the following memorandum in support of his Motion for Sentencing Consideration.

## II. FACTS AND TRAVEL

Mr. Nova Rosario is charged in a one-count indictment with Illegal Reentry After Deportation. In violation of 8 U.S.C. § 1326(a) and (b)(2). Mr. Nova Rosario originally entered the United States in December 1995 as a conditional resident. He was thirteen years old. He was deported on April 23, 2003 following a conviction for possession of a controlled substance in Providence Superior Court. An immigration detainer was lodged against him at the Rhode Island Adult Correctional Facility on March 14, 2007. This indictment and plea followed.

## III. SENTENCING CONSIDERATIONS

In determining the appropriate sentence for a criminal defendant the court is bound to consider the sentencing factors set forth in 18 U.S.C. §3553(a). These factors include:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed --
>> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>> (B) to afford adequate deterrence to criminal conduct;

( C ) to protect the public from further crimes of the defendant; and
(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
(3) the kinds of sentence available;
(4) the kinds of sentence and the sentencing range established for...
(A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines...;
(5) any pertinent policy statement...[issued by the Sentencing Commission];
(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
(7) the need to provide restitution to any victims of the offense

18 U.S.C. §3553(a). After taking all of those factors into account the court must impose a sentence that is tailored to this individual case and this individual defendant. The sentence must be "sufficient, but not greater than necessary" to achieve the goals and purposes of sentencing. 18 U.S.C. §3553(a). This provision, the so called "parsimony provision", represents the ultimate goal of sentencing. *See Kimbrough v. U.S.* 552 U.S. _____, 2007 U.S. LEXIS 13082 (2007).

The United States Supreme Court decision in *U.S. v. Booker*, 543 U.S. 220 (2005) rendered the Federal Sentencing Guidelines advisory rather than mandatory. *See also Rita v. United States,* 551 U.S. ___, 127 S.Ct. 2456 (2007). Instead of being bound by the Sentencing Guidelines, *Booker* now "requires a court to consider Guideline ranges, . . . but permits the court to tailor the sentence in light of other statutory concerns as well" *Booker,* 543 U.S. at 245-246.

The district court may now consider even those mitigating factors that the advisory guidelines prohibit or make irrelevant: e.g., poverty, racial discrimination and humiliation, drug abuse and addiction, dysfunctional family background, lack of guidance as a youth, etc. *See United States. Thurston*, 456 F.30 211, 219 (1st Cir. 2006); *United States v. Jimenez-Beltre*, 440 F.3d 514, 527 (1st Cir. 2006) s*ee also* 18 U.S.C. § 3661 ( "no limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing

an appropriate sentence," cited in *Booker* 125 S.Ct. at 758).

Although no longer mandatory, the Federal Sentencing Guidelines are still a factor that the court must consider in making the ultimate determination of the appropriate sentence to impose in any criminal case. However, the guidelines are *"generalizations* that can point to outcomes that may appear to be unreasonable to sentencing judges in particular cases[,]" *United States v. Jimenez-Beltre*, 440 F.3d 514 (1st Cir. 2006) (emphasis in original).

In the *Rita* decision the United States Supreme Court ruled that while an appellate presumption that the guideline sentence is appropriate is permissible, such a presumption on the District Court level is not. *Rita,* 127 S.Ct at 2462 and 2465. "[T]he presumption reflects the fact that, by the time an appeals court is considering a within-Guidelines sentence on review, *both* the sentencing judge and the Sentencing Commission will have reached the *same* conclusion as to the proper sentence in the particular case. That double determination significantly increases the likelihood that the sentence is a reasonable one." *Rita* 127 S.Ct at 2463 (emphasis supplied).

A presumption of reasonableness does not apply on the district court level. *Id. at 2465.* The district court judge sentencing a defendant must, therefore, "calculate the advisory sentencing guideline range accurately, so that they can derive whatever insight the guidelines have to offer, but ultimately they must sentence based on 18 U.S.C. § 3553(a) without a thumb on the scale favoring a guideline sentence." *United States v. Sachsenmaier*, 491 F.3d 680, 685 (7th Cir. 2007) (interpreting *Rita).* The defendant respectfully requests that this Honorable Court impose a sentence below the advisory guideline range.

## IV. PERSONAL HISTORY

Mr. Nova Rosario is a twenty five year old man who first came to this country, from the Dominican Republic, when he was thirteen years old. At that time he relocated to Rhode Island

with his family. Mr. Nova Rosario remained in Rhode Island until his deportation in 2003.[1]

Mr. Nova Rosario maintains a long term relationship with Natalie Sena. Mr. Nova and Ms. Sena have a daughter, Naiah age five. Ms. Sena and is supportive of Mr. Nova Rosario and visits him at the prison on a regular basis. Ms. Sena and Naiah will relocate to the Dominican Republic with Mr. Nova after he completes his jail sentence.

**Criminal History**

Mr. Nova's criminal history has earned him a criminal history category of IV. Mr. Nova has only three adult arrests. He has a misdemeanor charge of driving on a suspended license and two felony drug charges, including a conviction for drug trafficking which resulted in a three year prison sentence. Despite the minimal number of arrests he has been assigned a criminal history category of IV. Mr. Nova respectfully requests that the Court consider the minimal number of contacts that have resulted in his being assigned a criminal history category of IV when deciding what sentence is appropriate in this case.

## V. NATURE AND CIRCUMSTANCES OF THE CHARGE

Like many defendants charged in illegal re-entry cases, Mr. Nova returned to the United States to be with his family. Illegal reentry on its face appears to be a serious felony offense carrying up to 20 years in prison. In Mr. Nova's case, the court should consider the fact that he was nineteen years old and his family all resided in the United States when he was deported to the Dominican Republic. He came back to the United States to be with his family which included his

---

[1] Mr. Nova Rosario was deported after his conviction for possession of a controlled substance. Under the United States Supreme Court decision in *Lopez v. Gonzales*, 549 U.S. ___, 127 S.Ct. 625, 166 L.Ed.2d 462 (2006) simple possession charges that are felonies in state court are no longer drug trafficking crimes for immigration purposes. As a result the original conviction, for which Mr. Nova Roasario was deported would not result in deportation today.

longtime girlfriend and their baby.

## VI. DETERRENCE AND THE NEED TO PROVIDE EDUCATION OR VOCATIONAL TRAINING 18 U.S.C. §3553(a)(2)(D)

**Deterrence**

The issue of deterrence is difficult to assess when the offense is illegal reentry. The overwhelming reason defendants return to the United States is economic. People come from around the world, both legally and illegally, to take advantage of opportunities which are simply not available in their home countries. The prospect of incarceration has no effect on the individual's economic circumstance. There is no support for the notion that a longer sentence has more deterrent value. *See* United States Sentencing Commission, Measuring Recidivism: The Criminal History Computation of the Federal Sentencing Guidelines, 11-16, Ex. 12 (May, 2004).

For Mr. Nova the fact that his companion, Natalie Sena, and their child will relocate to the Dominican Republic will provide a powerful deterrent to his returning to the United States. Ms. Sena expresses a desire to have a life as a family in a country where Mr. Nova can reside legally.

**Bureau of Prisons treatment of illegal aliens**

Aliens with immigration detainers are not eligible for community confinement or halfway house placement. Such inmates are not required to attend and are given low priority in enrolling in literacy programs. 28 C.F.R. §544.71(a)(3). Similarly they are not required to attend in English as a Second Language programs. 28 C.F.R. §544.41(a)(3). Because of their inability to participate in these programs, they may not meet the literacy prerequisites for work in UNICOR above the most minimal grade. 28 C.F.R. §544.74(a); *see also* BOP Operations Memorandum 071-96(8120) precluding sentenced aliens with deportation detainers from working except in the

lower paying non-federal prison industry jobs.

The disparate treatment given by the Bureau of Prisons to those sentenced aliens means that Mr. Nova will not likely be provided with the skills needed to improve his situation in the Dominican Republic. Incarceration will simply warehouse him. As this warehousing will not further the objectives of 18 U.S.C. §3553(a)(2)(D), a reduced sentence is appropriate.

**VII. CONCLUSION**

Mr. Nova Rosario respectfully requests that the court impose a sentence of time served with supervised release. This sentence is "sufficient, but not greater than necessary" to achieve the goals and objectives of sentencing. A more severe sentence would not achieve greater justice, deterrence, incapacitation or rehabilitation. In Mr. Nova's case, under these circumstances, a guidelines sentence cannot be justified.

Respectfully submitted
Juan Carlos Nova Rosario
By his attorney,

/s/ Mary S. McElroy, 4830
Assistant Federal Defender
10 Weybosset St., Ste 300
Providence, RI 02903
(401) 528-4281FAX 528-4285
mary_mcelroy@fd.org

CERTIFICATION

I hereby certify that a copy of this memorandum was electronically filed with notice to Sandra Beckner, Assistant United States Attorney and Dennis Jenkins, USPO, on January 3, 2008.

/s/ Mary S. McElroy