IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | CR-07-112ML |
| JUAN CARLOS NOVA ROSARIO | : | |

GOVERNMENT'S SENTENCING MEMORANDUM

The government recommends a sentence of 21 months imprisonment because a sentence at the high end of the guideline range is reasonable in light of the factors set forth in 18 U.S.C. § 3553(a). Specifically, a sentence of 21 months is reasonable in light of the nature of the offense, the defendant's criminal history, the need for deterrence, and the need to protect society.

After United States v. Booker, 125 S.Ct 738 (2005), the guidelines are no longer mandatory in terms of their application by District Courts; however, District Courts must consult the guidelines and must take them into account when sentencing. See United States v. Jimenez-Beltre, 440 F.3d 514, 518 (1st Cir. 2006). Compliance with Booker necessitates that guidelines calculations be prepared by the United States Probation Officer. See Rita v. United States, 127 S.Ct. 2456, 2465 (2007). It also necessitates that the Court perform an analysis, in the

appropriate case, as to whether a downward or upward departure is warranted. See id. Finally, the Court should consider the factors set forth in 18 U.S.C. § 3553(a) to determine whether a variance from the guideline range is warranted. See id.

The § 3553(a) factors include the nature, seriousness and circumstances of the offense; the history and characteristics of the defendant; protection of the public; deterrence to criminal conduct; the need to promote respect for law and provide for just punishment; the needs of the defendant for educational training, vocational training, medical care and other correctional treatment; the applicable guideline range; the need to avoid unwarranted disparities among similarly situated defendants; and restitution. See 18 U.S.C. § 3553(a); Jimenez-Beltre, 440 F.3d at 518-19.

The defendant's criminal history warrants a sentence at the high end of the guideline range because his criminal history demonstrates that he poses a danger to society. The defendant committed two felony drug offenses in the United States within a three year period, even though he was incarcerated for one of those years and deported during that period of time. In September 2002, the defendant was convicted of felony drug possession; however, a review of the presentence report indicates that this offense was actually a trafficking offense. The defendant possessed manufacturing and distribution paraphernalia,

along with 100 grams of crack cocaine and 150 grams of heroin. This is a very serious offense for which the defendant only served one year in prison. Had he been prosecuted federally in that case, he would have served at least ten years in prison. The defendant was deported on April 23, 2003 and soon thereafter, he returned to the United States illegally. In 2005, the defendant was again convicted of a felony narcotics offense when he possessed and sold heroin to an undercover police officer. He was still serving a suspended sentence for his first felony conviction at the time he committed his second felony offense. The defendant's criminal history, involving two serious narcotics convictions within a relatively short period of time, demonstrates that the defendant lacks rehabilitative potential and that he is a danger to the community.

Re-entry by a twice convicted felon such as the defendant poses a greater danger to society. Therefore, increased punishment and increased deterrence is warranted. The defendant has considerable ties to the United States; he has lived here for much of his life and most of his family lives here. This will tempt him to return without permission a second time. In addition, the defendant has already shown himself willing to disregard the immigration laws soon after being deported. Given this situation, a more severe sentence is necessary to deter the

defendant and ensure that he does not return to this country without permission.

The defendant's argument for variance based upon his immigration status and corresponding ineligibility for certain prison programs is without merit. The defendant has pled guilty to an offense for which only illegal aliens may be found guilty. Accordingly, even if the alleged lack of rehabilitative services were a permissible basis for variance were he convicted of a non-immigration offense, in a case such as this, every defendant convicted of illegal re-entry faces the same lack of rehabilitative services. See generally United States v. Maldonado, 242 F.3d 1, 4 (1st Cir. 2001) (holding that a defendant's deportable alien status and the expense of incarcerating illegal aliens does not justify a departure); United States v. Ebolum, 72 F.3d 35, 38 (6th Cir. 1995) (holding that the Sentencing Commission took the deportable alien status into account when a formulating the guidelines for illegal reentry and therefore a departure based upon deportable status does not make sense in a prosecution for illegal reentry). To afford this defendant favorable treatment for a condition facing all illegal reentry defendants would create an unwarranted disparity.

For all of the above reasons, the government recommends a sentence of 21 months.

Respectfully submitted,

UNITED STATES OF AMERICA

By its Attorneys,

ROBERT CLARK CORRENTE
United States Attorney

/s/ SANDRA R. BECKNER
SANDRA R. BECKNER
Assistant U. S. Attorney
NY Bar
U.S. Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
Tel (401) 709-5000
Fax (401) 709-5001
sandra.beckner@usdoj.gov

CERTIFICATE OF SERVICE

On January 8, 2008, I caused the within "Government's Sentencing Memorandum" to be filed electronically and it is available for viewing and downloading from the ECF system.

Electronic notification:

Ms. Mary McElroy
Assistant Federal Defender
10 Weybosset Street, Suite 300
Providence, RI 02903

United States Probation Office
2 Exchange Terrace - 2nd FL
Providence, RI 02903

/s/ SANDRA R. BECKNER
SANDRA R. BECKNER
Assistant U. S. Attorney
NY Bar
U.S. Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
Tel (401) 709-5000
Fax (401) 709-5001
sandra.beckner@usdoj